IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MARK ANDREW VELASCO, #202202206,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:23-CV-152-K-BH |
| ) | |
| **LEAVITT ELDREDGE LAW FIRM,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or comply with court orders.

### I.  BACKGROUND

On January 18, 2023, a handwritten filing titled as "Patent Theft Fraud Intellectual Thef of Product White Collar Crime" was received from the *pro se* prisoner plaintiff. (*See* doc. 3.) By *Notice of Deficiency and Order* dated January 18, 2023, he was notified that if he had intended to file a federal lawsuit, his filing did not comply with the requirement in Fed. R. Civ. P. 8(a) of a "short and plain statement of the claim showing that [he was] entitled to relief," and he was ordered to submit a legible compliant amended complaint that identified his claims against the defendant on the proper form within thirty days. (*See* doc. 4.) He was also notified that he had neither paid the filing fee or sought leave to proceed *in forma pauperis* (IFP), and he was ordered to file a fully completed and signed IFP application on the correct enclosed form within thirty days. (*See id.*) He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*)

On February 22, 2023, the plaintiff's amended complaint and IFP motion were received, and

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

he was granted leave to proceed IFP. (*See* docs. 5-7.) On February 24, 2023, he was sent a magistrate judge's questionnaire to obtain more information about his claims. (*See* doc. 8.) It specifically advised him that his answers were due within thirty days, and that a failure to file his answers could result in the dismissal of the case. (*See id.*)  After he timely filed his answers, a second questionnaire was sent to him, and it again advised him that his answers were due within thirty days, and that a failure to file his answers could result in the dismissal of the case. (*See* docs. 9, 10.)

Well more than thirty days from the date of the second questionnaire have passed, but the plaintiff has not filed his questionnaire answers or anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with an order to respond to a second questionnaire despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case since March 16, 2023.  Because the plaintiff failed to a follow court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his responses to the second

questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 9th day of June, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE